UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MAKES AND MODELS MAGAZINE,
INC, a Florida Corporation,**

    **Plaintiffs,**

v.                                                                Case No. 8:05-CV-1330-T-30EAJ
**ASSURANCE COMPANY OF AMERICA,
a foreign insurance company,**

    **Defendant.**
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Count II (Insurer Bad Faith) for Failure to State a Cause of Action Upon Which Relief Can Be Granted and Memorandum of Law in Support Thereof (**Dkt. #5**) and Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Count II for Insurer Bad Faith (Dkt. #9). The Court, having considered the motion and response, and being otherwise fully advised, finds that the motion should be denied.

The general rule in Florida is that an action for insurer bad faith may not be brought until a final determination of liability has been made. *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 931 F.2d 789 (11th Cir. 1991). In *Blanchard*, the Eleventh Circuit restated the Florida Supreme Court's position that an insured's bad faith claim could not accrue prior to the conclusion of the underlying litigation for the contractual insurance claim. *Id.* at 789.

1

The Florida Supreme Court later refined the rule by holding that there must be a determination of damages before bringing an insurer bad faith claim. *Imhof v. Nationwide Mut. Ins. Co.*, 643 So. 2d 617, 617 (Fla. 1994). The purpose of the rule is to ensure that the insured has a valid claim. *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1273-74 (Fla. 2000) (citing *Brookins v. Goodson*, 640 So. 2d 110, 112-13 (Fla. 4th DCA 1994)).

However, there is an exception to the rule. An insurer's payments up to the policy limits constitute a determination of liability for purposes of satisfying the prerequisite for an insurer bad faith claim. *Plante v. USF & G Specialty Ins. Co.*, WL 741382, *3 (S.D. Fla. March 2, 2004); *see also Ludwig v. Liberty Mut. Fire Ins. Co.,* WL 3323791, *2 (M.D. Fla. Nov. 19, 2004); *Brookins v. Goodson*, 640 So. 2d 110, 112 (Fla. 4th DCA 1994). The court in *Plante* read the Florida Supreme Court's rulings in *Blanchard*, *Imhof*, and *Vest* as suggesting that payment of the policy limits of an insurance claim amounted to the final determination of liability required for an insurer bad faith claim. *Id.* at *4. The court then interpreted Florida law to extend the exception to include insurance payments in amounts less than the policy limit. *Id.* Thus, an insurer that makes payments on an insured's claims admits liability under the insurance policy, regardless of the amount of the payments. *Id.* at *5.

Because Defendant has made payments on Plaintiff's claims under Plaintiff's insurance policy, Defendant has admitted liability with respect to the insurer bad faith claim.

Accordingly, Count II of Plaintiff's Amended Complaint is ripe, and Defendant's Motion to Dismiss Count II is denied.

It is therefore ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Count II (Insurer Bad Faith) for Failure to State a Cause of Action Upon Which Relief Can Be Granted (Dkt. #5) is DENIED.

DONE and ORDERED in Tampa, Florida on August 25, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record